IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EMERGING GROWTH RESEARCH, et al.,

    Plaintiffs,

v.

DOES 1-25,

    Defendants.

No. 11-1648 EDL

**REPORT AND RECOMMENDATION REGARDING PLAINTIFFS' MOTION TO REMAND**

On January 7, 2011, Plaintiffs filed this action in state court alleging trade libel and libel per se. Doe Defendant 3, who is a resident of New Jersey, but whose identity has been sealed, removed this case on March 29, 2011. On April 22, 2011, Plaintiffs filed a motion to remand, arguing that the Court lacks subject matter jurisdiction. The Court continued the hearing on Plaintiffs' motion in order to serve Doe Defendant 3 with all of the filings in this matter and to give him an opportunity to oppose Plaintiffs' motion. Doe Defendant 3 did not file an opposition to Plaintiffs' motion and has not consented to the Court's jurisdiction pursuant to 28 U.S.C. § 636(c). Doe Defendant 1, Dwight Daniels, and Doe Defendant 2, Doug Wymycyk, have also not responded to the Court's consent notice. Accordingly, the Court will reassign this case to a district court judge with this Report and Recommendation to grant Plaintiffs' motion to remand. Because this motion is appropriate for decision without oral argument, the Court vacated the June 27, 2011 hearing.

**Allegations contained in the complaint**

Plaintiff Emerging Growth is a Nevada-based company, with its principal place of business in San Francisco. Compl. ¶ 1. Emerging Growth is engaged in the business of financial public relations, and serves investors and corporate issuers by providing stock analysis, merchant banking, investor relations, public relations and management counseling. Id. Plaintiff YesDTC Holdings is a Nevada corporation with its principal place of business in San Francisco. Compl. ¶ 2. YesDTC is

1  engaged in the business of marketing and distributing consumer goods, via direct-response television
2  and internet media outlets.  Id.  Plaintiff Joseph Noel is an individual residing in San Francisco.
3  Compl. ¶ 3.  He is the president and principal of Emerging Growth and is CEO and a Director of
4  YesDTC.  Id.

5       Plaintiff Noel is an experienced public relations and equity analyst professional, with an
6  MBA in Finance from Wake Forest University and more than twenty-nine years experience in the
7  investment and technology industries in both marketing and technical roles.  Compl. ¶ 7.  He
8  specializes in emerging growth companies in the biotech, medical, telecommunications, Internet and
9  advanced industrial equipment sectors.  Id.

10      Since 2006, Plaintiff Emerging Growth has provided research and information to investors
11 interested in "small-cap" growth companies.  Compl. ¶ 8.  It also provides corporate issuers with
12 management consulting and communications services, and helps them to acquire growth capital,
13 including through investing in Plaintiff Noel's own funds and those of his investor partners.  Id.

14      Plaintiffs allege that Emerging Growth and YesDTC are operated according to the highest
15 professional standards, and in compliance with all federal and state regulations.  Compl. ¶ 9.
16 However, they also allege that due to the recent downturn especially relating to growth capital
17 acquisition, stock prices have fallen for many of the companies represented by Emerging Growth.
18 Id.

19      In February 2010, Plaintiff Noel learned that numerous negative and defamatory comments
20 had been posted about Plaintiffs on various websites, including comments on Yahoo's stock
21 message boards.  Compl. ¶ 12.  The negative and defamatory comments were posted anonymously,
22 under a variety of screen names.  Id.  The most common screen name was Whogotdat.audit, or Doe
23 1.  Compl. ¶ 12.  Doe 1 has posted several thousand negative and defamatory comments about
24 Plaintiffs and Plaintiffs' clients on the internet.  Compl. ¶ 13.

25      In March 2010, Plaintiff Noel learned that additional numerous negative and defamatory
26 comments had been posted about Plaintiffs on various websites, including comments at Yahoo's
27 stock message boards.  Compl. ¶ 14.  The additional postings were anonymous, under the screen
28 names Keith Koung and dawoot, or Doe 2.  Compl. ¶ 14.  Doe 2 has posted hundreds of negative

2

and defamatory comments about Plaintiffs and Plaintiffs' clients on the internet.  Compl. ¶ 15.

In April 2010, Plaintiff Noel learned that further additional negative and defamatory comments had been posted about Plaintiffs on various websites, including comments at Yahoo's stock message boards.  Compl. ¶ 16.  These additional comments were posted anonymously under the screen name Medtracker12, or Doe 3.  Compl. ¶ 16.  Doe 3 has posted thousands of negative and defamatory comments about Plaintiffs and Plaintiffs' clients on the internet.  Compl. ¶ 17.  Further, Plaintiffs allege that "Doe 3 has posted thousands of negative and defamatory comments about Plaintiffs and Plaintiffs' clients on the internet, including all of the comments appearing under the Doe 2 aliases, which the plaintiffs believe may be many."  Compl. ¶ 17.

The negative and defamatory postings falsely claim, among other things, that Plaintiff Noel and Emerging Growth are "frauds," "engaged in lying," "scamming," and denigrate products promoted by YesDTC and clients of Emerging Growth.  Compl. ¶ 18; see also Compl. ¶ 19 (specific postings by Doe 1), ¶ 20 (specific postings by Doe 2), ¶ 21 (specific postings by Doe 3).

After this case was filed, on February 28, 2011, attorney Patrick Riazi, attorney for Doe 2, contacted Plaintiffs' counsel of record, identified Doe 2 as Doug Wymycyk and stated that he would accept service on behalf of Wymycyk, who is a resident of and domiciled in California.  Syverson Decl. ¶ 3.  Shortly after this case was removed, Plaintiff identified Doe 1, who on March 23, 2011 had filed a motion to quash the subpoena to his ISP seeking information as to his identity.  Syverson Decl. ¶¶ 6-7.  Doe 1 is Dwight Daniels, a resident of and domiciled in California.  Id. ¶ 8.  On April 5, 2011, Mr. Daniels was served with the complaint in this case by substituted service.  Id. ¶ 8; Ex. D.

**Legal standard**

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  "If at any time before final judgment[, however,] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

3

1  The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.

Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal question. 28 U.S.C. § 1441(b); id. at § 1331. Whether removal jurisdiction exists must be determined by reference to the well-pleaded complaint. Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986).

**Discussion**

**A.  Removal was improper for three reasons**

**1.  Complete diversity did not exist among the parties at the time of removal**

Plaintiffs argue that the Court lacks subject matter jurisdiction because complete diversity of citizenship did not and does not exist between the parties. See 28 U.S.C. § 1332(a). Diversity of citizenship must exist at the time the action was commenced and at the time of removal. See Strotek Corp. v. Air Transport Ass'n of America, 300 F.3d 1129, 1131 (9th Cir. 2002) ("Thus, we start with the core principle of federal removal jurisdiction on the basis of diversity-namely, that it is determined (and must exist) as of the time the complaint is filed and removal is effected.").

At the time of removal on March 29, 2011, diversity did not exist. On February 28, 2011, Patrick Riazi, attorney for Doe Defendant 2, contacted Plaintiffs' counsel of record, identified Doe Defendant 2 to be Doug Wymycyk and stated that he would accept service on behalf of Wymycyk. Syverson Decl. ¶ 3. According to Mr. Riazi, Mr. Wymycyk resides and is domiciled in Sacramento, California. Id. On March 7, 2011, Plaintiff's counsel received a Notice of Acknowledgment of Receipt of the Complaint signed by Mr. Raizi on March 4, 2011, which indicated that service had been affected on Mr. Wymycyk. Compl. ¶ 5; Ex. C. Thus, when the Notice of Removal was filed on March 29, 2011, diversity did not exist because at least two of the plaintiffs and one Defendant were citizens of California. Thus, because complete diversity did not exist at the time of the removal, the Court lacks subject matter jurisdiction.

4

### 2. Removal was impermissible under § 1441(b)

Title 28, U.S.C. § 1441(b) states:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable *only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought*.

28 U.S.C. § 1441(b) (emphasis added). Here, Doe Defendant 2, Mr. Wymycyk, who was a party prior to removal, is a citizen of California. Therefore, removal was improper based on § 1441(b).

### 3. All Defendants did not join in the removal

Except for nominal defendants, all defendants must join in a removal petition of an action to federal court. See Hewitt v. Stanton, 798 F.2d. 1230, 1232 (9th Cir. 1986) ("All defendants must join in a removal petition with the exception of nominal parties.") (citing 28 U.S.C. § 1446(b)). Here, Doe Defendant 3, who is pro se, brought his Notice of Removal on behalf of himself alone. Mr. Wymycyk, a served Defendant as of March 4, 2011, did not join in the removal petition. Thus, removal was improper because all Defendants did not join in the removal.

## B.    Fraudulent joinder

In his Notice of Removal, Doe Defendant 3 states that "there is no connectivity between the allege[d] statements of this defendant and the other DOE defendants, ie fraudulent joinder." Notice of Removal at 2. Fraudulent joinder "is a term of art." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir.1987). Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." Id.; Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001); Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir.1998) (quoting McCabe, 811 F.2d at 1339). Further, the defendant "is entitled to present the facts showing the joinder to be fraudulent." Id. Some courts have found "fraudulent misjoinder" where a plaintiff joins both diverse and non-diverse Defendants and the claim against the diverse Defendant has no real connection to the claim against the nondiverse Defendant. See, e.g., Triggs v. John Crump Toyota,

Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). Other courts have rejected this approach. See, e.g., Osborn v. Metropolitan Life Ins. Co., 341 F. Supp. 2d 1123, 1127 (E.D. Cal. 2004).

Here, because Doe Defendant 3 has not opposed this motion to remand, he has not met his burden of showing that removal was proper or that Defendants were fraudulently joined. See McCabe, 811 F.2d at 1339 (stating that the removing defendant bears the burden of proving that removal is appropriate and is entitled to present facts showing that the joinder is fraudulent). Thus, there has been no showing that removal in this case has been defeated by fraudulent joinder. Accordingly, the Court need not reach the remaining issues relating to fraudulent joinder, including whether a theory of fraudulent misjoinder applies.

**Conclusion**

Accordingly, the Court recommends granting Plaintiffs' Motion to Remand based on lack of subject matter jurisdiction. Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Dated: June 28, 2011

ELIZABETH D. LAPORTE
United States Magistrate Judge